# IN THE COURT OF APPEALS OF IOWA

No. 22-0394
Filed April 26, 2023

**CAEDEN TINKLENBERG,**
    Plaintiff-Appellant,

**vs.**

**EUROSPORT MOTORS, INC.,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Caeden Tinklenberg appeals the denial of his combined motion for judgment notwithstanding the verdict and new trial. **AFFIRMED.**

Jason Springer of Springer Law Firm, PLLC, Madrid, for appellant.

Jordan M. Talsma of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Caeden Tinklenberg purchased a used vehicle from Eurosport Motors, Inc. (Eurosport). Shortly thereafter, the vehicle began experiencing engine problems. When Tinklenberg inquired about replacing the engine, the vehicle manufacturer reported that the vehicle identification number did not match the engine serial number—meaning the engine in the vehicle sold to Tinklenberg was not the vehicle's original engine. Tinklenberg brought this action against Eurosport alleging negligent misrepresentation and fraudulent misrepresentation. Eurosport disclosed in discovery that it had replaced the vehicle's engine prior to its sale.

The matter proceeded to a jury trial. The jury found in favor of Eurosport on both counts. Tinklenberg filed a combined motion for judgment notwithstanding the verdict (JNOV) and new trial. The district court issued a written ruling denying the motion following a hearing.[1] Specifically, the JNOV part of the ruling addressed the negligent-misrepresentation claim, and the new-trial part of the ruling addressed the fraudulent-misrepresentation claim. Tinklenberg never filed a motion under Iowa Rule of Civil Procedure Rule 1.904 requesting the court to expand its new-trial ruling to address his negligent-misrepresentation claim. *See* Iowa R. Civ. P. 1.904(2) (permitting a party to request enlargement of a judgment or decree issued following a bench trial), (3) (permitting a motion under rule 1.904(2) to seek enlargement of "another court order, ruling, judgment, or decree"). Instead, Tinklenberg filed this appeal.

---

[1] The hearing was reported. However, the combined certificate shows a transcript of that hearing was never ordered, so we do not have it.

Tinklenberg's appellate brief heading argues, "The trial court erred in denying [his] motion for [JNOV] and motion for new trial." Although the substance of Tinklenberg's brief focuses on the motion for new trial, we first address his motion for JNOV. A motion for JNOV "must stand on grounds raised in [a] directed verdict motion." *Pavone v. Kirke*, 801 N.W.2d 477, 493 (Iowa 2011) (citation omitted). Appellate review is likewise "limited to those grounds raised in the directed verdict motion." *Id.* at 494 (citation omitted). Tinklenberg never sought a directed verdict upon which to base a motion for JNOV, so the court could not grant his motion for JNOV. We are also unable to provide any relief via JNOV.

Turning to Tinklenberg's arguments related to the motion for new trial, he again runs into a procedural impediment. As noted, the district court's ruling on Tinklenberg's motion for new trial only addressed the fraudulent-misrepresentation claim. However, Tinklenberg's appellate brief only discusses the negligent-misrepresentation claim. The district court never made a ruling on the motion for new trial with respect to negligent misrepresentation, and Tinklenberg never sought an expanded ruling. So he has not preserved error, and we have nothing to review.[2] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

As Tinklenberg fails to present us with any claim preserved for our review, we affirm.

**AFFIRMED.**

---

[2] Even when no party challenges error preservation, we may raise the issue on our own. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("[T]his court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").